ABRAHAM E. JACOBS et al., Appellants, v ALLISON SCHLEICHER, III, Respondent.

The complaint alleges that on or about June 20, 1983 the plaintiff Abraham E. Jacobs (hereinafter Jacobs) was injured while crossing a street when he was struck by a vehicle which was being driven by the defendant in a negligent manner. In his answer, the defendant did not deny the allegation that his vehicle had struck Jacobs. Following joinder of issue, the plaintiffs moved for summary judgment. In support of their application, the plaintiffs offered an affidavit of Jacobs in which he asserted that he had been crossing the street with the traffic light in his favor, and that as he passed in front of the defendant's car, which had been stopped for the red light, the car moved forward and struck him in the leg.

In both his MV104 statement and during his deposition testimony, the defendant had unequivocally stated that he had struck the injured plaintiff after stopping to make a right-hand turn at a red light, and that he did not see him step in front of the car as he proceeded to make the turn. In opposing the motion for summary judgment, however, the defendant submitted an unsworn statement of an alleged eyewitness to the accident who claimed, in essence, that the vehicle never struck the plaintiff but rather that he fell down in front of the vehicle and then maneuvered himself underneath its front end. The defendant also submitted his own affidavit, in which, based upon this witness' statement, he recanted his earlier admissions, claiming that he had previously merely presumed that his vehicle had struck the plaintiff.

Although generally the question of whether a defendant's conduct constitutes negligence is one for the trier of the facts, in a rare case, such as in the case at bar, where the defendant's own deposition inculpates him, summary judgment may be an appropriate remedy (see, Andre v Pomeroy, 35 NY2d 361). Here the defendant unequivocally admitted in both his

MV104 and in his deposition that he had struck the injured plaintiff as he, the defendant, was making a right-hand turn at a red light and that he had not seen Jacobs until he stepped in front of his car. The unsworn statement of the alleged eyewitness obtained nearly two years after the accident does not constitute evidentiary proof in admissible form sufficient to raise a triable issue of fact and overcome a motion for summary judgment (CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557). Nor has the defendant proffered any acceptable excuse for his failure to meet the requirement that he tender proof in admissible form to raise such issue (*see, Zuckerman v City of New York, supra,* at p 562; *Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 281-282). Nor do we find that, after having unequivocally admitted in his answer, in his MV104 and during his deposition that his vehicle had struck Jacobs, the defendant's sudden, equivocal recantation of those admissions, is sufficient to raise a triable material issue of fact. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.