■ JOHN BURKE, Respondent, v KREGER TRUCK RENTING CO., INC., et al., Appellants. [708 NYS2d 430] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated April 30, 1999, which granted the plaintiff's motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when, while he was driving in the left lane of the Long Island Expressway, his vehicle was struck in the side by a truck owned by the defendant Kreger Truck Renting Co., Inc., and operated by the defendant Angel T. Garcia. The defendants' vehicle, which had been traveling in the center lane, veered into the left lane just as the plaintiff's car was passing. In opposition to the plaintiff's motion for partial summary judgment on the issue of liability, the defendants invoked the emergency doctrine defense, and asserted that a question of fact as to the plaintiff's comparative negligence precluded summary judgment. The defendants alleged that Garcia swerved into the plaintiff's lane of traffic to avoid hitting a truck which had suddenly stopped just ahead of his vehicle. The court granted the plaintiff's motion, finding that the defendants were not entitled to rely upon the emergency doctrine. We affirm.

The defendants cannot invoke the emergency doctrine, as

Garcia created the emergency by failing to maintain a safe distance between his own vehicle and the truck ahead of him (*see,* Vehicle and Traffic Law § 1129 [a]; *Pappas v Opitz,* 262 AD2d 471; *Johnson v Phillips,* 261 AD2d 269, 271). Furthermore, the defendants' comparative negligence theory was entirely speculative and unsupported by the record (*see, Perez v Brux Cab Corp.,* 251 AD2d 157, 160; *Wilke v Price,* 221 AD2d 846). Accordingly, the Supreme Court properly found that no triable issue of fact existed to preclude partial summary judgment for the plaintiff on the issue of the defendants' liability. S. Miller, J. P., Friedmann, Florio and Smith, JJ., concur.