■ JAMIE GROSSI, Appellant, v CONSTANCE M. SYLAK, Respondent. [898 NYS2d 528]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated May 19, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

Approximately five minutes after the defendant's vehicle slid on a snow-covered road into the rear of the plaintiff's vehicle while the plaintiff's vehicle was stopped at a red light, the plaintiff was injured when he slipped and fell while returning to his automobile after exchanging insurance information with the defendant. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We reverse.

The defendant failed to demonstrate the absence of a triable issue of fact as to whether the plaintiff's fall was a foreseeable consequence of her original negligence (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). On this record, it cannot be said, as a matter of law, that the plaintiff's actions were of such an extraordinary nature or so attenuated the defendant's negligence from the ultimate injury that the plaintiff's conduct constituted a superseding cause absolving the defendant from liability (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d at 315-316; *Carson v Dudley,* 25 AD3d 983 [2006]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.