■ EDWARD RODGERS et al., Appellants, v CHARLES DUFFY, JR., et al., Respondents. [929 NYS2d 874]—

On August 5, 2007, the injured plaintiff, Edward Rodgers (hereinafter Rodgers), was a front-seat passenger in a vehicle operated by the defendant Charles Duffy, Jr. (hereinafter Duffy). Earlier that evening Rodgers and Duffy met at Duffy's girl-friend's apartment for approximately one hour, after which they went to a bar. It is undisputed that both Rodgers and Duffy consumed one or two beers at each location. As Duffy was driving Rodgers home, his vehicle veered off the roadway and ultimately struck a telephone pole, allegedly injuring Rodgers.

In April 2010, Rodgers and his wife, Cindy Rodgers, suing derivatively, commenced this action against, among others, Duffy and his mother, Diana Duffy, the owner of the vehicle. The Supreme Court denied the plaintiffs' motion for summary judgment on the issue of liability. We affirm.

In support of their motion for summary judgment on the issue of liability, the plaintiffs failed to establish as a matter of law that Rodgers was free from culpable conduct with regard to the causation of his injuries (*see Strychalski v Dailey*, 65 AD3d 546 [2009]; *see also Mackenzie v City of New York*, 81 AD3d 699 [2011]; *Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]). Therefore, they failed to establish their entitlement to judgment as a matter of law on the issue of the defendants' liability (*see Thoma v Ronai*, 82 NY2d 736 [1993]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Since the plaintiffs failed to meet their initial burden, we need not review the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.