■ KRISTEN TRINGALI, Plaintiff, v MARY K. SIEBER et al., Defendants/Third-Party Plaintiffs-Respondents. PATRICK MORGAN, Third-Party Defendant-Appellant. [982 NYS2d 398]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), dated April 20, 2012, as denied his motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the third-party defendant's motion for summary judgment dismissing the third-party complaint. The third-party defendant failed to demonstrate his prima facie entitlement to judgment as a matter of law, since

the evidence submitted in support of his motion failed to establish that he was free from comparative fault, or that the alleged negligence of the defendant/third-party plaintiff Mary K. Sieber was the sole proximate cause of the subject accident (*see generally Arias v Tarar*, 100 AD3d 668 [2012]; *Camarillo v Sandoval*, 90 AD3d 593 [2011]; *Cohn v Khan*, 89 AD3d 1052 [2011]; *Ruthinoski v Brinkman*, 63 AD3d 900 [2009]). Specifically, the conflicting deposition testimony submitted by the third-party defendant in support of his motion revealed the existence of triable issues of fact as to the manner in which the accident occurred (*see Martin v Cartledge*, 102 AD3d 841 [2013]; *Martinez v Martinez*, 93 AD3d 767 [2012]).

Since the third-party defendant failed to establish his prima facie entitlement to judgment as a matter of law, we need not examine the sufficiency of the papers submitted in opposition to the motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.