■ NADIA BOULOS, Respondent, v SUZANNE M. LERNER-HARRINGTON, Also Known as SUZANNE M. HARRINGTON and Another, et al., Defendants, and MICHAEL C. JOHNSON et al., Appellants. [2 NYS3d 526]—

In an action to recover damages for personal injuries, the defendants Michael C. Johnson and United Parcel Service, Inc., appeal from an order of the Supreme Court, Suffolk County (Farneti, J.), dated November 12, 2013, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On June 30, 2009, the plaintiff, while operating a vehicle near the intersection of Middle Country Road and Fairview Street in Suffolk County, allegedly was injured when a truck owned by the defendant United Parcel Service, Inc. (hereinafter UPS), and operated by the defendant Michael C. Johnson collided with her vehicle as she was in the process of making a right turn. Johnson and UPS (hereinafter together the UPS defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion. The UPS defendants appeal.

A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (*see Calderon-Scotti v Rosenstein*, 119 AD3d 722, 723 [2014]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]). In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]).

Here, in moving for summary judgment, the UPS defendants submitted evidence, including a transcript of the deposition testimony of the plaintiff, which presented conflicting accounts

as to how and why the subject accident occurred. The defendants thus failed to establish, prima facie, that Johnson was not negligent in the operation of UPS's vehicle (*see generally Bullock v Calabretta*, 119 AD3d 884 [2014]; *Bonaventura v Galpin*, 119 AD3d 625 [2014]; *Veltri v Solomon*, 107 AD3d 699 [2013]; *Allen v Echols*, 88 AD3d 926 [2011]). In light of the UPS defendants' failure to meet their prima facie burden, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied the UPS defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.