■ MICHAEL ELIYAHU LEVI, Appellant, et al., Plaintiff, v ELLA BENYAMINOVA et al., Respondents. [9 NYS3d 123]—

In an action to recover damages for personal injuries, the plaintiff Michael Eliyahu Levi appeals from an order of the Supreme Court, Queens County (Nahman, J.), dated July 7, 2014, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion of the plaintiff Michael Eliyahu Levi for summary judgment on the issue of liability is granted.

This appeal concerns a three-vehicle accident that occurred at the intersection of 75th Avenue and 174th Street in Queens. The plaintiff Michael Eliyahu Levi, who was traveling eastbound on 75th Avenue, approached the subject intersection and observed a vehicle operated by the defendant Xiaoyun Li proceed southbound on 174th Street and pass a stop sign without stopping. The vehicle operated by Li struck a vehicle owned by the defendant Anatoliy Abramov and operated by the defendant Ella Benyaminova, which was traveling westbound

on 75th Avenue, which in turn crossed a double yellow line to the opposite eastbound lane of oncoming traffic, striking Levi's vehicle. The plaintiffs commenced this action against the defendants, and Levi subsequently moved for summary judgment on the issue of liability against the defendants. The Supreme Court denied Levi's motion, finding that there were triable issues of fact as to whether he contributed to the happening of the accident. We reverse.

The common-law emergency doctrine " 'recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context, provided the actor has not created the emergency' " (*Lifson v City of Syracuse*, 17 NY3d 492, 497 [2011], quoting *Caristo v Sanzone*, 96 NY2d 172, 174 [2001]; *see Garcia v Stewart*, 120 AD3d 1298 [2014]).

Here, Levi submitted evidence showing that Li's vehicle struck the vehicle operated by Benyaminova, propelling Benyaminova's vehicle over a double yellow line, and thereby caused the collision with Levi's vehicle (*see Marsicano v Dealer Stor. Corp.*, 8 AD3d 451, 452 [2004]; *Demetri v Mallari*, 295 AD2d 395 [2002]). While a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision (*see Desio v Cerebral Palsy Transp., Inc.*, 121 AD3d 1033, 1034-1035 [2014]), a driver, such as Levi, who has the right-of-way and has only seconds to react to a vehicle which has failed to yield, is not comparatively negligent for failing to avoid the collision (*see Smith v Omanes*, 123 AD3d 691 [2014]; *Bennett v Granata*, 118 AD3d 652, 653 [2014]). Thus, Levi established, prima facie, his entitlement to judgment as a matter of law on the issue of liability. In opposition, the defendants failed to raise a triable issue of fact.

Accordingly, the Supreme Court erred in denying Levi's motion for summary judgment on the issue of liability. Skelos, J.P., Leventhal, Cohen and Duffy, JJ., concur.