■ ALAIN VICTOR, Respondent, v NEIL DALEY, Appellant, and AVERY BERNSTEIN, Respondent. [56 NYS3d 223]—

In an action to recover damages for personal injuries, the defendant Neil Daley appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated April 27, 2016, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendant Neil Daley for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.

On January 23, 2012, at the intersection of Snyder Avenue and 38th Street in Brooklyn, a vehicle operated by the plaintiff and a vehicle operated by the defendant Avery Bernstein collided, propelling the plaintiff's vehicle into a vehicle operated by the defendant Neil Daley. The plaintiff commenced this action against Bernstein and Daley. Daley moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. In the order appealed from, the Supreme Court, inter alia, denied his motion.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (*Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]; *see Lukyanovich v H.L. Gen. Contrs., Inc.*, 141 AD3d 693 [2016]; *Estate of Cook v Gomez*, 138 AD3d 675 [2016]). There can be more than one proximate cause of an accident (*see Lukyanovich v H.L. Gen. Contrs., Inc.*, 141 AD3d at 693; *Estate of Cook v Gomez*, 138 AD3d at 675; *Cox v Nunez*, 23 AD3d 427, 427 [2005]), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]; *see Howard v Poseidon Pools*, 72 NY2d 972, 974 [1988]; *Lukyanovich v H.L. Gen. Contrs., Inc.*, 141 AD3d at 693; *Estate of Cook v Gomez*, 138 AD3d at 675). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d at 889; *see Howard v Poseidon Pools*, 72 NY2d at 974; *Estate of Cook v Gomez*, 138 AD3d at 675).

In support of his motion, Daley submitted evidence showing that the plaintiff's vehicle and Bernstein's vehicle collided in the plaintiff's lane of travel in the subject intersection, which

caused the plaintiff to lose control of his vehicle and cross over into Daley's lane of travel, i.e., the opposite oncoming lane of traffic, and thereby caused the collision with Daley's vehicle. While a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision (*see Levi v Benyaminova,* 128 AD3d 779 [2015]; *Desio v Cerebral Palsy Transp., Inc.,* 121 AD3d 1033, 1034-1035 [2014]), a driver such as Daley who has the right-of-way and only seconds to react to a vehicle which has failed to yield, is not negligent for failing to avoid the collision (*see Levi v Benyaminova,* 128 AD3d at 779). The evidence submitted on Daley's motion established that his actions were not a proximate cause of that collision (*see generally Whitehead v Reithoffer Shows,* 304 AD2d 754 [2003]). Contrary to the contentions of the plaintiff and Bernstein, there was no evidence submitted on Daley's motion tending to show that Daley operated his vehicle improperly or engaged in conduct which helped bring about the collision between his vehicle and the plaintiff's vehicle, or the previous collision between the plaintiff's vehicle and Bernstein's vehicle (*see Biddy v Vanmaltke,* 67 AD3d 845, 846 [2009]). Thus, Daley established his prima facie entitlement to judgment as a matter of law by demonstrating that he was not at fault in the happening of the subject accident. In opposition, neither the plaintiff nor Bernstein raised a triable issue of fact.

The plaintiff's remaining contention is not properly before this Court.

Accordingly, the Supreme Court should have granted Daley's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.

———————————

Motion by the appellant, inter alia, to strike Point II of the plaintiff-respondent's brief on an appeal from an order of the Supreme Court, Kings County, dated April 27, 2016, on the ground that the plaintiff-respondent is improperly seeking affirmative relief on the appeal. By decision and order on motion of this Court dated February 22, 2017, that branch of the motion which was to strike Point II of the plaintiff-respondent's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to strike Point II of the plaintiff-respondent's brief is granted, and Point II of the plaintiff-respondent's brief, appearing at pages 34 through 41 of the brief, is stricken and has not been considered in the determination of the appeal.