██ BRIAN FAUST, Appellant, v LYNNE F. GERDE et al., Defendants, and LIBERTY MAINTENANCE, INC., Respondent. [52 NYS3d 898]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated March 31, 2015, which granted the motion of the defendant Liberty Maintenance, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for injuries he allegedly sustained in a motor vehicle accident. The plaintiff testified at his deposition that the vehicle he was operating was struck in the rear by a vehicle operated by the defendant George Casares which, in turn, was struck in the rear by a vehicle operated by the defendant Lynne F. Gerde. The plaintiff's vehicle was stopped at the time of the accident.

The accident occurred while all three vehicles were in the right southbound lane of the Robert Moses Causeway in Islip. At the time of the accident, the causeway was in the process of being repaired by the defendant Liberty Maintenance, Inc. (hereinafter Liberty), and the left southbound lane was closed to traffic. The complaint alleged that Liberty was negligent in the manner in which it closed the left southbound lane of traffic. Liberty moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that its closure of the left southbound lane was not a proximate cause of the accident. The Supreme Court granted Liberty's motion. The plaintiff appeals. We affirm.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (*Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]). There can be more than one proximate cause of an accident (*see Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008]), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause"

(*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]). However, the issue of proximate cause "may be decided as a matter of law where only one conclusion may be drawn from the facts" (*Nesbitt v Gallant*, 149 AD3d 763, 764 [2017]; *see Estate of Cook v Gomez*, 138 AD3d 675, 677 [2016]; *Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]).

Here, Liberty established, prima facie, that its alleged negligence was not a proximate cause of the accident. Liberty demonstrated that all three drivers involved in the accident were driving in the right southbound lane before approaching the construction area and that the closure of the left southbound lane was not a contributing cause of the accident. Under the circumstances, even if, assuming arguendo, the manner in which Liberty closed off the left southbound lane was negligent, such negligence merely furnished the condition for the subsequent rear-end collisions (*see Sheehan v City of New York*, 40 NY2d 496, 502 [1976]; *Batista v City of New York*, 101 AD3d 773, 777-778 [2012]).

In opposition to Liberty's prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff's remaining contentions are without merit. Accordingly, the Supreme Court properly granted Liberty's motion for summary judgment dismissing the complaint insofar as asserted against it. Chambers, J.P., Roman, Miller and Connolly, JJ., concur. ■