■ SAMUEL SEARLESS, Appellant, v JAMIE KARCZEWSKI, Defendant, and BOJIDAR KOSTADINOV, Respondent. [60 NYS3d 431]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated April 27, 2016, as granted that branch of the motion of the defendant Bojidar Kostadinov which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the plaintiff payable by the defendant Bojidar Kostadinov, and that branch of the motion of the defendant Bojidar Kostadinov which was for summary judgment dismissing the complaint insofar as asserted against him is denied.

The plaintiff commenced this action, inter alia, to recover damages for personal injuries he allegedly sustained when, while riding his bicycle, he was struck by a vehicle. According to his deposition testimony, on September 3, 2014, at approximately 9:00 a.m., the plaintiff was riding his bicycle north on Lafayette Street in Manhattan in a designated bike lane when he entered the intersection with East 9th Street, as the traffic signal controlling that intersection in his direction was yellow, and was struck by a vehicle operated by the defendant Jamie Karczewski, which was traveling west on East 9th Street. The plaintiff testified that prior to the collision with

Karczewski's vehicle, he had to leave the bike lane in the intersection to navigate around the back end of a vehicle operated by the defendant Bojidar Kostadinov, which was located at the north end of the intersection perpendicular to him and was blocking the bike lane.

The plaintiff further testified that he first observed Kostadinov's vehicle when he entered the subject intersection and saw that Kostadinov's vehicle was blocking the bike lane within the intersection and was traveling in reverse, against traffic on East 9th Street, which is a one-way street with one lane of traffic, and that he was distracted by these actions of Kostadinov's vehicle. According to the plaintiff, the impact between his bicycle and Karczewski's vehicle occurred one to two seconds after he turned his bicycle to the right to swerve around Kostadinov's vehicle to avoid contact with it as it was blocking the bike lane and traveling in reverse.

Karczewski testified at his deposition that Kostadinov's vehicle was traveling in reverse on East 9th Street while it was within the subject intersection as Karczewski's vehicle entered the intersection, with the green light in his favor, prior to the impact with the plaintiff's bicycle, which occurred after the plaintiff turned his bicycle into Karczewski's vehicle. Karczewski also testified that when he first observed Kostadinov's vehicle, it was stopped within the intersection as pedestrians, in the crosswalk crossing over East 9th Street, walked around the front of Kostadinov's vehicle.

Kostadinov testified at his deposition that he had completed a left turn onto East 9th Street and was waiting for pedestrians to move when he heard the noise of the collision. Kostadinov also testified that he did not know or could not remember putting his vehicle in reverse, although he did acknowledge thinking about doing so in an attempt to drive around the pedestrians prior to the happening of the accident.

After these depositions were held, Kostadinov moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The Supreme Court granted the motion. The plaintiff appeals from so much of the order as granted that branch of Kostadinov's motion which was for summary judgment dismissing the complaint insofar as asserted against him.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (*Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]; *see Victor v Daley*, 150 AD3d 1307, 1307 [2017]; *Faust v Gerde*, 150

AD3d 1204, 1204 [2017]). There can be more than one proximate cause of an accident (*see Faust v Gerde*, 150 AD3d at 1204; *Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008]; *Cox v Nunez*, 23 AD3d 427, 427 [2005]), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (*Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]; *see Faust v Gerde*, 150 AD3d at 1204).

Here, Kostadinov failed to demonstrate his prima facie entitlement to judgment as a matter of law, since the evidence submitted in support of his motion failed to establish that he was free from fault in the happening of the accident, or that the alleged negligence of the plaintiff and Karczewski were the sole proximate causes of the accident (*see Tringali v Sieber*, 115 AD3d 934, 934 [2014]). Specifically, the deposition testimony of all of the parties, submitted by Kostadinov in support of his motion, revealed the existence of triable issues of fact as to the manner in which the accident occurred (*see id.* at 934) and as to whether the impact between the plaintiff's bicycle and Karczewski's vehicle was a foreseeable consequence of Kostadinov reversing his vehicle against the flow of traffic within the subject intersection given the traffic conditions existing at the time of the accident (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *Grossi v Sylak*, 72 AD3d 895 [2010]). In light of our determination, we need not consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court improperly granted that branch of Kostadinov's motion which was for summary judgment dismissing the complaint insofar as asserted against him.

To the extent that Karczewski raises issues regarding the granting of that branch of Kostadinov's motion which was for summary judgment dismissing his cross claim against Kostadinov, we note that Karczewski withdrew his notice of cross appeal from the order, and therefore, the issues raised in Karczewski's brief are not properly before us on this appeal perfected by the plaintiff. Austin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.