Vuksanaj v Abbott (2018 NY Slip Op 02199)





Vuksanaj v Abbott


2018 NY Slip Op 02199


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-00269
 (Index No. 1030/13)

[*1]Katherine Vuksanaj, etc., plaintiff-respondent,
v
Taylor B. Abbott, defendant-respondent, Todd M. Diederich, et al., appellants.


Craig P. Curcio, Middletown, NY (Chandel M. Rispin of counsel), for appellants.
Martin & Colin, P.C., White Plains, NY (William Martin of counsel), for plaintiff-respondent.
Alan B. Brill, P.C., Suffern, NY (Nadia Ali of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Todd M. Diederich, Deer View Farms, Inc., and Eagle River, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Robert DiBella, J.), dated November 11, 2016, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against them, and denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants Todd M. Diederich, Deer View Farms, Inc., and Eagle River, Inc., and substituting therefor a provision denying that branch the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On January 11, 2013, Crystal Vuksanaj (hereinafter Crystal) was a rear-seat passenger in a vehicle being operated by the defendant Taylor B. Abbott in the right lane of eastbound Route 17K in Newburgh. When Abbott attempted to make a U-turn, his vehicle was struck by a vehicle owned by the defendants Deer View Farms, Inc., and Eagle River, Inc., and operated by the defendant Todd M. Diederich (hereinafter collectively the appellants). Diederich had been driving the vehicle behind Abbott in the same lane. The plaintiff, Crystal's mother, commenced this action on behalf of Crystal against Abbott and the appellants, alleging negligence. Following discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability against the appellants, and the appellants cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In the order appealed from, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the issue of the appellants' liability, and denied the appellants' cross motion for summary judgment.
"To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff [*2]was free from comparative fault" (Phillip v D & D Carting Co., Inc., 136 AD3d 18, 22; see Ortiz v Welna, 152 AD3d 709; Ricciardi v Nelson, 142 AD3d 492; Bowen v Farrell, 140 AD3d 1001; Roberts v Zirkind, 140 AD3d 940). The issue of comparative fault is generally a question for the jury to decide (see Rodriguez v Klein, 116 AD3d 939; Regans v Baratta, 106 AD3d 893; Shui-Kwan Lui v Serrone, 103 AD3d 620).
Contrary to the plaintiff's contention, she failed to establish, prima facie, that Crystal was free from culpable conduct with regard to the causation of her injuries. In support of her motion, the plaintiff relied upon, inter alia, the deposition transcripts of Abbott and Crystal. The testimony of Abbott and Crystal that they had consumed alcohol at a fraternity party prior to the subject accident raised questions of fact as to whether Crystal had knowledge that Abbott may have been intoxicated, which raised triable issues of fact regarding her comparative negligence (see Rodgers v Duffy, 87 AD3d 1126; Strychalski v Dailey, 65 AD3d 546; Saldana v Guzman, 34 Misc 3d 1233[A], 2012 NY Slip Op 50359[U] [Sup Ct, Nassau County]). Since triable issues of fact existed as to the comparative negligence of Crystal, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability against the appellants (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion.
The Supreme Court properly denied the appellants' cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. "A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Searless v Karczewski, 153 AD3d 957; Victor v Daley, 150 AD3d 1307, 1307; Faust v Gerde, 150 AD3d 1204, 1204). There can be more than one proximate cause of an accident (see Searless v Karczewski, 153 AD3d at 957; Faust v Gerde, 150 AD3d at 1204; Cox v Nunez, 23 AD3d 427, 427), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Searless v Karczewski, 153 AD3d at 957).
In support of their cross motion, the appellants submitted, inter alia, the deposition transcripts of Abbott and Diederich, the driver of the vehicle. Abbott and Diederich provided conflicting testimony as to how the subject accident occurred. When viewing the evidence submitted on the cross motion in the light most favorable to the plaintiff and Abbott (see Socci v Levy, 90 AD3d 1020, 1021), Abbott's version of the accident raised a triable issue of fact as to whether Diederich was at fault in the happening of the accident by following Abbott's vehicle too closely (see Vehicle and Traffic Law § 1129[a]; Bovt v Subaru Auto Leasing, Ltd., 50 AD3d 612; Pawlukiewicz v Boisson, 275 AD2d 446; Burke v Kreger Truck Renting Co., 272 AD2d 494). In light of the appellants' failure to make a prima facie showing of entitlement to judgment as a matter of law, their cross motion was properly denied without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court