Thompson v Peacock (2018 NY Slip Op 02172)





Thompson v Peacock


2018 NY Slip Op 02172


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-10466
 (Index No. 11313/14)

[*1]Nicole Thompson, appellant, 
v
Erin Leigh Peacock, respondent, et al., defendants.


Palermo Tuohy Bruno, PLLC, Hauppauge, NY (Steven J. Palermo of counsel), for appellant.
Breen & Clancy, Hauppauge, NY (Anne Marie Caradonna of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated September 6, 2016, as granted that branch of the motion of the defendant Erin Leigh Peacock which was for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff alleges that she was injured while a passenger on a motorcycle which came into contact with a vehicle owned and operated by the defendant Erin Leigh Peacock on North Rock Point Landing Road in Brookhaven. The plaintiff subsequently commenced this action to recover damages for personal injuries. During the pendency of the action, Peacock moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against her. The Supreme Court, among other things, granted the motion, and the plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Searless v Karczewski, 153 AD3d 957; Victor v Daley, 150 AD3d 1307, 1307; Faust v Gerde, 150 AD3d 1204, 1204). There can be more than one proximate cause of an accident (see Searless v Karczewski, 153 AD3d at 957; Faust v Gerde, 150 AD3d at 1204; Cox v Nunez, 23 AD3d 427, 427), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Searless v Karczewski, 153 AD3d at 957).
The evidence submitted in support of Peacock's motion demonstrated, prima facie, her freedom from fault in the happening of the subject accident (see Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Peacock was at fault in the happening of the accident by violating Vehicle and Traffic Law § 1143 (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court properly granted that branch of Peacock's motion [*2]which was for summary judgment dismissing the complaint insofar as asserted against her.
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court