Ardanuy v RB Juice, LLC (2018 NY Slip Op 06074)





Ardanuy v RB Juice, LLC


2018 NY Slip Op 06074


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2017-01135
 (Index No. 16341/12)

[*1]Donna Ardanuy, et al., appellants, 
v
RB Juice, LLC, respondent, et al., defendant.


Shapiro & Coleman, P.C., Mineola, NY (Richard H. Coleman and Sweetbaum & Sweetbaum [Joel A. Sweetbaum], of counsel), for appellants.
DeSena & Sweeney, LLP, Bohemia, NY (Shawn P. O'Shaughnessy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated December 16, 2016. The order granted the motion of the defendant RB Juice, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant RB Juice, LLC, for summary judgment dismissing the complaint insofar as asserted against it is denied.
On May 15, 2012, at about 6:30 a.m., a vehicle operated by the plaintiff Donna Ardanuy (hereinafter the plaintiff) made contact with a box truck owned by the defendant RB Juice, LLC (hereinafter RB Juice), in Nassau County. The plaintiff allegedly lost consciousness as a result of the impact. The plaintiff's vehicle continued moving for about one block, and came to stop when it crashed into a pole on a sidewalk. The plaintiff, and her husband suing derivatively, commenced this action against, among others, RB Juice. RB Juice moved for summary judgment dismissing the complaint insofar as asserted against it, contending that its truck was legally parked, unoccupied, and not moving at the time of the accident. The plaintiffs opposed the motion, contending that triable issues of fact existed as to whether the box truck was stopped in a negligent manner and/or whether it was negligently pulling out as the plaintiff's vehicle was passing it. The Supreme Court granted the motion. The plaintiffs appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Aponte v Vani, 155 AD3d 929, 930; Searless v Karczewski, 153 AD3d 957, 958). There can be more than one proximate cause of an accident (see Cox v Nunez, 23 AD3d 427), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889; see Searless v Karczewski, 153 AD3d at 959).
Here, RB Juice failed to establish, prima facie, that its truck was not a proximate [*2]cause of the accident. In support of the motion, RB Juice submitted the deposition testimony of the plaintiff, her husband, its employees, and the responding police officer, as well as a copy of the police accident report prepared by the responding police officer. The evidence submitted by RB Juice revealed the existence of triable issues of fact as what its box truck was doing at the time of the accident and how the accident occurred (see Pena v Spade, 145 AD3d 791, 792; Pollack v Margolin, 84 AD3d 1341, 1342). With respect to the deposition testimony of the responding police officer, who did not witness the accident, about the section of the police accident report in which he identified "passing or lane usage improper" by the plaintiff as a contributing factor to the happening of the accident, and attributed no contributing factors to the operation of the box truck, such testimony and the related section of the police accident report constituted inadmissible hearsay. Since the source of the information contained in this section of the police accident report was not identified, it could not be established whether the source of the information had a duty to make the statement or whether some other hearsay exception applied (see Hartfield v Seenarraine, 138 AD3d 1060, 1061; Memenza v Cole, 131 AD3d 1020, 1022-1023; Bazza v Banscher, 143 AD2d 715). Further, that information bore directly on the ultimate issue to be decided by the factfinder (see Memenza v Cole, 131 AD3d at 1022-1023; Hazzard v Burrowes, 95 AD3d 829, 831). In light of our determination, we need not consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). It is also not necessary to address the plaintiffs' remaining contention.
Accordingly, the Supreme Court should have denied RB Juice's motion for summary judgment dismissing the complaint insofar as asserted against it.
BALKIN, J.P., AUSTIN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court