Han Hao Huang v "John Doe" (2019 NY Slip Op 01395)





Han Hao Huang v "John Doe"


2019 NY Slip Op 01395


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-11190
 (Index No. 504289/15)

[*1]Han Hao Huang, respondent, 
v
"John Doe," defendant, Julian Darwall, appellant.


Jennifer S. Adams, Yonkers, NY (Joan A. Reyes of counsel), for appellant.
Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Julian Darwall appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated August 28, 2017. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Julian Darwall for summary judgment dismissing the complaint insofar as asserted against him is granted.
The plaintiff allegedly sustained personal injuries when his moped was struck by the defendant Julian Darwall's motorcycle at the intersection of Hooper Street and Broadway in Brooklyn. The plaintiff also alleged that the operator of the motorcycle left the scene of the accident without exchanging information or being identified. The plaintiff commenced this action against the defendants, "John Doe" and Julian Darwall, to recover damages for personal injuries. After joinder of issue, Darwall moved for summary judgment dismissing the complaint insofar as asserted against him on the grounds that he was not operating a vehicle on the date of the subject accident and did not own any vehicle involved in the accident. The Supreme Court denied Darwall's motion, and he appeals.
"To establish a prima facie case of negligence, a plaintiff must establish the existence of a duty owed by a defendant to the plaintiff, a breach of that duty, and that such breach was a proximate cause of injury to the plaintiff" (Alvino v Lin, 300 AD2d 421, 421; see Conneally v Diocese of Rockville Ctr., 116 AD3d 905, 906; Ortega v Liberty Holdings, LLC, 111 AD3d 904, 905; Rubin v Staten Is. Univ. Hosp., 39 AD3d 618; Nappi v Incorporated Vil. of Lynbrook, 19 AD3d 565). If there is no duty of care owed by the defendant to the plaintiff, there can be no breach and, consequently, no liability can be imposed upon the defendant (see Pulka v Edelman, 40 NY2d 781, 782; Schindler v Ahearn, 69 AD3d 837, 838; Engelhart v County of Orange, 16 AD3d 369, 371). A defendant who moves for summary judgment dismissing a cause of action alleging negligence may sustain his or her initial burden by "establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Estate of Goldstein v Kingston, 153 AD3d 1235, 1236; Searless v Karczewski, 153 AD3d 957, 958; Victor v Daley, 150 AD3d 1307, 1307; Faust v Gerde, 150 AD3d 1204).
The evidence submitted in support of Darwall's motion was, contrary to the Supreme Court's determination, admissible and sufficient to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him. The evidence [*2]demonstrated that Darwall was not at fault in the happening of the subject accident, and consequently owed and breached no duty to the plaintiff arising out of the accident. The evidence submitted in support of the motion, which included Darwall's deposition transcript and his subsequent affidavit, evinced that it was not he who was operating the motorcycle that struck the plaintiff on the date of the subject accident and that he did not give permission to anyone to operate his motorcycle on the date of the subject accident. He further submitted admissible evidence that his motorcycle was inoperable at the time of the subject accident and could not have been involved in the accident.
In opposition, the plaintiff failed to raise a triable issue of fact. The police accident report submitted in opposition to the motion was uncertified and, therefore, not admissible (see CPLR 4518[a]; Gezelter v Pecora, 129 AD3d 1021, 1023; Adobea v Junel, 114 AD3d 818, 820; Hazzard v Burrowes, 95 AD3d 829, 831). The unsworn statement of the alleged nonparty eyewitness obtained more than one year after the subject accident did not constitute admissible evidence sufficient to raise a triable issue of fact (see CPLR 3212[b]; Jacobs v Schleicher, 124 AD2d 785, 786). Contrary to the plaintiff's contention, he failed to proffer any acceptable excuse for his failure to meet the requirement that he tender evidence in admissible form to raise a triable issue of fact (see Jacobs v Schleicher, 124 AD2d at 786). The affirmation of the plaintiff's counsel, standing alone, was insufficient to raise a triable issue of fact (see CPLR 3212[b]; Roche v Hearst Corp., 53 NY2d 767, 769; Gallo v Jairath, 122 AD3d 795, 797).
Accordingly, the Supreme Court should have granted Darwall's motion for summary judgment dismissing the complaint insofar as asserted against him.
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court