Glover v Teresa Limo, Inc. (2024 NY Slip Op 03809)

Glover v Teresa Limo, Inc.

2024 NY Slip Op 03809

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-00825
 (Index No. 505497/18)

[*1]Katrina Glover, plaintiff-respondent,
v
Teresa Limo, Inc., et al., defendants-respondents, George Tzitzikalakis, appellant.

Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lynsay A. Dyszler and Sarah M. Ziolkowski of counsel), for appellant.
Eric H. Green, New York, NY (Zachary S. Green of counsel), for plaintiff-respondent.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Brooklyn, NY, of counsel), for defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant George Tzitzikalakis appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated January 4, 2022. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant George Tzitzikalakis for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him is granted.
In July 2017, the plaintiff allegedly was injured while a passenger in a livery vehicle operated by the defendant Udoka S. Ehirim and owned by the defendant Teresa Limo, Inc., when that vehicle collided with a vehicle owned and operated by the defendant George Tzitzikalakis at or near the intersection of Hamilton Avenue and 15th Street in Brooklyn. In March 2018, the plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, that Ehirim and Tzitzikalakis were negligent in their operation of their respective vehicles. Tzitzikalakis moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him, arguing that Ehirim's actions were the sole proximate cause of the accident. The Supreme Court denied the motion, and Tzitzikalakis appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Williams v Isaac, 224 AD3d 719, 720 [internal quotation marks omitted]; see Boulos v Lerner-Harrington, 124 AD3d 709, 709). There can be more than one proximate cause of an accident, and generally it is for the trier of fact to determine the issue of proximate cause (see Dowd v Kharieh [*2]Bros., Inc., 216 AD3d 739, 740; Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889; Cox v Nunez, 23 AD3d 427). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the facts" (Hayes v County of Suffolk, 222 AD3d 950, 952 [internal quotation marks omitted]; see Nesbitt v Gallant, 149 AD3d 763, 764).
Here, Tzitzikalakis established his prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against him by submitting transcripts of his deposition testimony and the deposition testimony of the plaintiff and Ehirim. Tzitzikalakis testified that immediately before the accident, he was traveling in the leftmost travel lane on Hamilton Avenue and that he never changed lanes. Ehirim traveled on 15th Street, and proceeded past the intersection, onto Hamilton Avenue. Ehirim testified that he was merging toward the left, with the intention of turning left at the next intersection. The front left side bumper of Ehirim's vehicle came into contact with the front passenger side door of Tzitzikalakis's vehicle. Ehirim and the plaintiff did not see Tzitzikalakis's vehicle prior to the accident. Ehirim's deposition testimony demonstrated that, after the accident, Tzitzikalakis's vehicle was in the left lane and his vehicle was in the middle lane, with the front bumper of his vehicle over the line into the left lane. This testimony was sufficient to demonstrate, prima facie, that Tzitzikalakis's actions were not a proximate cause of the collision, and that Ehirim negligently drove his vehicle into Tzitzikalakis's vehicle, and that this was the sole proximate cause of the accident (see Hunt v New York City Tr. Auth., 166 AD3d 735, 736-737; Victor v Daley, 150 AD3d 1307).
In opposition, the plaintiff, Ehirim, and Teresa Limo, Inc., failed to raise a triable issue of fact as to whether Tzitzikalakis was negligent in the happening of the accident. Contrary to their contention, the parties' deposition testimony did not present contradictory versions of the accident, nor did they demonstrate that Tzitzikalakis contributed to the happening of the accident (see Orellana v Mendez, 208 AD3d 888, 890; Williams v Hayes, 103 AD3d 713, 714).
Accordingly, the Supreme Court should have granted Tzitzikalakis's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him (see Zuckerman v City of New York, 49 NY2d 557, 562).
The remaining contention of the plaintiff, Ehirim, and Teresa Limo, Inc., is without merit. Tzitzikalakis's remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court