Tenezaca v Davidov (2024 NY Slip Op 03902)

Tenezaca v Davidov

2024 NY Slip Op 03902

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2023-04051
 (Index No. 501724/20)

[*1]Gloria Tenezaca, respondent, 
v
Igor Davidov, et al., appellants.

Haworth Barber & Gerstman, LLC, New York, NY (Barry Gerstman of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated February 2, 2023. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff's vehicle collided with the defendants' vehicle at the intersection of Avenue J and East 2nd Street in Brooklyn. The plaintiff was traveling on East 2nd Street, which was a one-way street that was governed by a stop sign at its intersection with Avenue J. The defendant Igor Davidov (hereinafter the defendant driver) was operating a mini school bus owned by the defendant Yeshiva Chsan Sofer, Inc., on Avenue J, which was a two-way street that was not governed by a traffic control device at its intersection with East 2nd Street. The plaintiff commenced this action against the defendants to recover damages for personal injuries allegedly sustained as a result of the collision. The defendants moved, inter alia, for summary judgment dismissing the complaint. In an order dated February 2, 2023, the Supreme Court, among other things, denied that branch of the defendants' motion. The defendants appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). Here, the defendants failed to meet their initial burden as the movants. In support of their motion, the defendants submitted, inter alia, transcripts of the deposition testimony of the plaintiff and the defendant driver, as well as an affidavit of a nonparty witness, which presented conflicting accounts as to the facts surrounding the collision. Viewing the evidence in the light most favorable to the plaintiff as the nonmoving party, a triable issue of fact exists as to whether the defendant driver exercised reasonable care to avoid a collision with the plaintiff's vehicle already in the intersection (see Tornabene v Seickel, 186 AD3d 645, 647; Boulos v Lerner-Harrington, 124 AD3d at 709-710).
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court