Bonilla v Betances

2026 NY Slip Op 02387

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Justin A. Bonilla, plaintiff, Joel E. Caraballo, respondent,

v

Aileen Betances, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-11569, (Index No. 505124/21)

Lara J. Genovesi, J.P.

William G. Ford

Lourdes M. Ventura

Susan Quirk, JJ.

O'Connor McGuinness Conte Doyle Oleson Watson & Loftus LLP, White Plains, NY (Heather M. Haralambides and Montgomery Effinger of counsel), for appellant.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendant Aileen Betances appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated September 4, 2024. The order denied that defendant's renewed motion for summary judgment dismissing the amended complaint insofar as asserted against her.

ORDERED that the order is reversed, on the law, with costs, and the renewed motion of the defendant Aileen Betances for summary judgment dismissing the amended complaint insofar as asserted against her is granted.

The plaintiffs commenced this action to recover damages for personal injuries that they alleged they sustained when a vehicle in which they were passengers (hereinafter the host vehicle) was struck in the rear. It was alleged that the host vehicle was the lead vehicle and the defendant Aileen Betances (hereinafter the defendant) owned and/or operated an offending vehicle. In an order dated September 4, 2024, the Supreme Court denied the defendant's renewed motion for summary judgment dismissing the amended complaint insofar as asserted against her. The defendant appeals.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). Here, the defendant established, prima facie, that neither she nor her vehicle was involved in the accident (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; see generally Forte v City of New York, 237 AD3d 1164, 1165; Han Hao Huang v "John Doe", 169 AD3d 1014, 1015). The papers filed in opposition to the defendant's renewed motion failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendant's renewed motion for summary judgment dismissing the amended complaint insofar as asserted against her.

GENOVESI, J.P., FORD, VENTURA and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court