JENNIE KLUZ, Appellant, v PETER ADAMS et al., Respondents, et al., Defendant. [892 NYS2d 860]

Peter Adams and Peter Adams, Inc., doing business as Peter Adams Landscaping, incorrectly sued herein as Peter Adams, doing business as Peter Adams Landscaping (hereinafter the Adams defendants) satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Mallory v City of New Rochelle*, 41 AD3d 556, 557 [2007]; *Hyland v City of New York*, 32 AD3d 822, 823-824 [2006]). Accordingly, the Supreme Court correctly awarded summary judgment to the Adams defendants dismissing the complaint insofar as asserted against them.

Since the Adams defendants were, as a matter of law, not negligent, vicarious liability for their conduct cannot be imposed upon Mountain View Mobile Home Associates, LLC, incorrectly sued herein as Mountain View Mobile Home, James Freeman, Jr., and Fred Bohlander, incorrectly sued herein as Fred Bolander (hereinafter the Mountain View defendants). Accordingly, the Supreme Court also correctly awarded summary judgment to the Mountain View defendants dismissing the complaint insofar as asserted against them.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew her opposition to the summary judgment motions (*see Ramirez v Khan*, 60 AD3d 748 [2009]). Covello, J.P., Santucci, Chambers and Hall, JJ., concur.