*656 In an action to recover damages for personal injuries, the defendant Cosmo Barilli and the defendant All Boro Rehab Construction separately appeal, as limited by their respective briefs, (1) from so much of an order of the Supreme Court, Queens County (Lane, J.), entered February 17, 2012, as denied their separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, and (2), by permission, from an order of the same court entered August 9, 2012, which, sua sponte, corrected the order entered February 17, 2012.
Motion by the plaintiff-respondent, inter alia, to dismiss the appeal from the order entered February 17, 2012. By decision and order on motion of this Court dated October 4, 2012, that branch of the motion which is to dismiss the appeal from the order entered February 17, 2012, was held in abeyance, and referred to the panel of Justices hearing the appeals for determination upon the argument or submission of the appeals.
Upon the papers submitted in support of that branch of the motion and the papers submitted in opposition thereto, and upon the argument of the appeals, it is
Ordered that branch of the motion which is to dismiss the appeal from the order entered February 17, 2012, is granted, as that order was superseded by the order entered August 9, 2012; and it is further,
Ordered that the order entered August 9, 2012, is reversed insofar as appealed from, on the law, the separate motions of the defendant Cosmo Barilli and the defendant All Boro Rehab Construction for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them are granted, and the order entered February 17, 2012, is vacated; and it is further,
Ordered that one bill of costs is awarded to the defendant Cosmo Barilli and the defendant All Boro Rehab Construction, payable by the plaintiff and the defendants Lin Vlacic and Mariana Timm.
On May 8, 2008, at approximately 5:30 p.m., a three-car collision occurred at or near the intersection of 85th Avenue and Bell Boulevard in Queens. The traffic on Bell Boulevard, on which the plaintiff and Cosimo Barilli, sued herein as Cosmo Barilli, were driving in opposite directions, was not controlled by any traffic control device. The traffic on 85th Avenue, on which the defendant Mariana Timm was driving prior to the accident, was controlled by a stop sign. Timm’s vehicle allegedly collided with the plaintiffs vehicle, propelling it into oncoming traffic, where it then struck Barilli’s van. Subsequently, the *657 plaintiff commenced this action against, among others, Barilli, Timm, and the defendant Lin Viatic, the owner of the vehicle driven by Timm, as well as against Barilli’s employer, All Boro Rehab Construction (hereinafter All Boro), under the doctrine of respondeat superior. Following discovery, Barilli and All Boro separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The Supreme Court denied their motions.
Barilli established his prima facie entitlement to judgment as a matter of law by presenting evidence that Timm’s vehicle proceeded into the intersection without yielding the right of way to the plaintiffs vehicle, in violation of Vehicle and Traffic Law § 1142 (a), and that this was the sole proximate cause of the accident (see Francavilla v Doyno, 96 AD3d 714, 715 [2012]; Singh v Singh, 81 AD3d 807, 808 [2011]; Martin v Ali, 78 AD3d 1135, 1136 [2010]; Thompson v Schmitt, 74 AD3d 789, 790 [2010]). The evidence submitted by Barilli in support of his motion demonstrated, prima facie, that his involvement in the accident was caused by the initial impact between Timm’s vehicle and the plaintiff’s vehicle, which subsequently propelled the plaintiffs vehicle into Barilli’s allegedly stopped van. In opposition to this showing, the plaintiff failed to raise a triable issue of fact with her allegation that Barilli was speeding at the time of the accident, since she failed to submit evidence as to whether Barilli’s alleged speeding was a proximate cause of the accident. Specifically, the plaintiff’s expert did not assert that Barilli would have been able to avoid the second impact through the use of reasonable measures had Barilli been traveling at a slower speed (see Colandrea v Choku, 94 AD3d 1034, 1036 [2012]; Socci v Levy, 90 AD3d 1020, 1021 [2011]).
Since Barilli established that his conduct was not a proximate cause of the accident, and the plaintiff failed to raise a triable issue of fact in opposition to that showing, vicarious liability for his conduct cannot be imposed on All Boro (see Kluz v Adams, 69 AD3d 582, 583 [2010]).
Accordingly, the Supreme Court should have granted the separate motions of Barilli and All Boro for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. Skelos, J.P., Angiolillo, Leventhal and Chambers, JJ., concur. [Prior Case History: 2012 NY Slip Op 3039KU).]