■ Usher Fried, an Infant, by His Father and Natural Guardian, Leib Fried, Appellant, v Samuel Misser, Respondent. [982 NYS2d 574]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated July 15, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On February 15, 2009, at approximately 8 p.m., the plaintiff, an infant, was struck by a vehicle owned and operated by the defendant as the plaintiff exited his driveway on a bicycle and the defendant was driving northbound on Suzanne Drive in Monsey. The plaintiff had no recollection of the details of the accident.

An operator of a motor vehicle traveling with the right-of-way has an obligation to keep a proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles (see Allen v Echols, 88 AD3d 926,

926 [2011]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *Bonilla v Calabria*, 80 AD3d 720, 720 [2011]; *Todd v Godek*, 71 AD3d 872, 872 [2010]). Since there can be more than one proximate cause of an accident, a movant seeking summary judgment is required to make a prima facie showing that he or she is free from comparative fault (*see Jones v Vialva-Duke*, 106 AD3d 1052 [2013]; *Mackenzie v City of New York*, 81 AD3d 699 [2011]; *Bonilla v Gutierrez*, 81 AD3d 581 [2011]; *Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]).

Here, when questioned at his deposition, the defendant admitted that in the five seconds leading up to the accident, he could not recall where he was looking. He further admitted that he did not see the plaintiff prior to impact and only realized there was an accident when his windshield was impacted by the plaintiff's helmet. Accordingly, the defendant failed to demonstrate, prima facie, that he kept a proper lookout and that his alleged negligence did not contribute to the happening of the accident (*see Brandt v Zahner*, 110 AD3d 752, 752 [2013]; *Topalis v Zwolski*, 76 AD3d 524 [2010]). Moreover, the defendant's evidence did not establish that the plaintiff's alleged negligence in violating Vehicle and Traffic Law § 1143 was the sole proximate cause of the accident (*cf. Mazza v Manzella*, 49 AD3d 609 [2008]; *Wolbe v Fishman*, 29 AD3d 785 [2006]).

Since the defendant failed to demonstrate his prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied his motion, regardless of the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Balkin, J.P., Sgroi, Cohen and LaSalle, JJ., concur.