■ JIMMY MARCEL, Respondent, v EDWARD W. SANDERS et al., Appellants. [1 NYS3d 230]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Silber, J.), dated October 31, 2013, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The defendant Edward W. Sanders (hereinafter the defendant-driver) was pulling out of a parking lot and entering a roadway when the vehicle he was operating struck the passenger-side door of a vehicle that the plaintiff was operating on the roadway. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the plaintiff's motion.

"The driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed" (Vehicle and Traffic Law § 1143; *see Adobea v Junel*, 114 AD3d 818, 819 [2014]). "A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (*Adobea v Junel*, 114 AD3d at 819). However, "[s]ince there can be more than one proximate cause of an accident, a movant seeking summary judgment is required to make a prima facie showing that he or she is free from comparative fault" (*Fried v Misser*, 115 AD3d 910, 911 [2014]; *see Regans v Baratta*, 106 AD3d 893, 894 [2013]).

"The operator of a vehicle with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield" (*Bennett v Granata*, 118 AD3d 652, 652 [2014]; *see Regans v Baratta*, 106 AD3d at 894). "Although a

driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (*Yelder v Walters*, 64 AD3d 762, 764 [2009] [citations omitted]; *see Bennett v Granata*, 118 AD3d at 653; *Ducie v Ippolito*, 95 AD3d 1067, 1067-1068 [2012]; *Socci v Levy*, 90 AD3d 1020, 1021 [2011]; *Jaramillo v Torres*, 60 AD3d 734, 735 [2009]).

Here, the plaintiff established, prima facie, his entitlement to judgment as a matter of law by demonstrating that the defendant-driver negligently entered the roadway from a parking lot without yielding the right-of-way, and that such negligence was the sole proximate cause of the accident (*see* Vehicle and Traffic Law § 1143; *Desio v Cerebral Palsy Transp., Inc.*, 121 AD3d 1033 [2014]; *Abatzidis v Fenton*, 116 AD3d 802, 802 [2014]). In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff was negligent in traveling at an excessive rate of speed (*see Adobea v Junel*, 114 AD3d 818, 819 [2014]; *Czarnecki v Corso*, 81 AD3d 774, 775 [2011]), or whether any such negligence contributed to the happening of the accident (*see Timm v Barilli*, 109 AD3d 655, 657 [2013]).

The defendants' contention that some of the plaintiff's submissions were inadmissible and therefore should not have been considered is without merit (*see* CPLR 4518 [a]; *David v Chong Sun Lee*, 106 AD3d 1044 [2013]; *Gleason v Villegas*, 81 AD3d 889, 890 [2011]). Furthermore, contrary to the defendants' contentions, the plaintiff's motion was not premature, as the defendants failed to offer an evidentiary basis to suggest that further discovery may lead to relevant evidence or that facts essential to oppose summary judgment were exclusively within the knowledge and control of the plaintiff (*see Cajas-Romero v Ward*, 106 AD3d 850, 852 [2013]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Eng, P.J., Mastro, Roman and Miller, JJ., concur.