■ Zofia Ricciardi, Respondent, v Kenneth Nelson, Appellant. [35 NYS3d 724]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Reilly, J.), entered July 16, 2015, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On November 13, 2012, the plaintiff was driving east on Glen Head Road in Glen Head when her vehicle came into contact with a vehicle operated by the defendant, which entered the roadway from a parking lot and attempted to make a left turn by crossing over the eastbound travel lane in order to head west on Glen Head Road. The plaintiff commenced this action against the defendant, inter alia, to recover damages for personal injuries she sustained as a result of the accident. Subsequently, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion. We affirm.

A plaintiff in a personal injury action who moves for summary judgment on the issue of liability has the burden of

establishing, prima facie, both that the defendant was negligent and that he or she was free from comparative fault (*see Mc-Laughlin v Lunn*, 137 AD3d 757 [2016]; *France Herly Bien-Aime v Clare*, 124 AD3d 814, 814 [2015]). Where the movant has established his or her entitlement to judgment as a matter of law, the opposing party may defeat the motion for summary judgment by submitting sufficient evidence to raise a triable issue of fact as to the moving party's comparative fault (*see Brown v Mackiewicz*, 120 AD3d 1172 [2014]; *Ramos v Bartis*, 112 AD3d 804 [2013]; *Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055 [2013]).

"The driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed" (Vehicle and Traffic Law § 1143; *see Marcel v Sanders*, 123 AD3d 1097 [2014]; *Adobea v Junel*, 114 AD3d 818, 819 [2014]). A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (*see Estate of Cook v Gomez*, 138 AD3d 675 [2016]; *Marcel v Sanders*, 123 AD3d at 1098; *Adobea v Junel*, 114 AD3d at 819; *Botero v Erraez*, 289 AD2d 274 [2001]). "The operator of a vehicle with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield" (*Bennett v Granata*, 118 AD3d 652, 652 [2014]; *see Marcel v Sanders*, 123 AD3d at 1098; *Bonilla v Calabria*, 80 AD3d 720 [2011]). "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, it has been recognized that a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (*Yelder v Walters*, 64 AD3d 762, 764 [2009] [citations omitted]; *see Marcel v Sanders*, 123 AD3d at 1098; *Desio v Cerebral Palsy Transp., Inc.*, 121 AD3d 1033, 1035 [2014]; *Adobea v Junel*, 114 AD3d at 820).

Here, the plaintiff established, prima facie, her entitlement to judgment as a matter of law by demonstrating that the defendant negligently entered the roadway from a parking lot without yielding the right-of-way, and that such negligence was the sole proximate cause of the accident (*see* Vehicle and Traffic Law § 1143; *Marcel v Sanders*, 123 AD3d at 1098; *Desio v Cerebral Palsy Transp., Inc.*, 121 AD3d at 1033; *Abatzidis v Fenton*, 116 AD3d 802 [2014]). In opposition, the defendant failed to raise a triable issue of fact as to whether the plaintiff was comparatively at fault in the happening of the accident. Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Chambers, J.P., Dickerson, Duffy and LaSalle, JJ., concur.