Harvey v White (2019 NY Slip Op 01204)





Harvey v White


2019 NY Slip Op 01204


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-09046
 (Index No. 602287/16)

[*1]Jerry J. Harvey, respondent,
v
Alec P. White, et al., appellants.


Picciano & Scahill, P.C., Bethpage, NY (Andrea E. Ferrucci of counsel), for appellants.
Banilov & Associates, P.C., Brooklyn, NY (Harlan A. Wittenstein of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), dated August 4, 2017. The order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the affirmative defenses that alleged comparative negligence.
ORDERED that the order is affirmed, with costs.
On December 28, 2016, a vehicle operated by the plaintiff collided with a vehicle operated by the defendant Alec P. White and owned by the defendant Harvey White. The collision occurred on West Merrick Road in Nassau County. According to the deposition testimony of the plaintiff and of the defendant Alec P. White, the plaintiff's vehicle had turned into the left eastbound lane of West Merrick Road from an intersecting street and had traveled straight in the left eastbound lane of West Merrick Road for more than five seconds, and traveled approximately 40 to 50 feet, when the accident occurred. The defendants' vehicle was exiting the driveway of a diner that abutted the eastbound lanes of traffic. The front of the defendants' vehicle struck the right rear door and wheel of the plaintiff's vehicle. The plaintiff subsequently commenced this action against the defendants. The plaintiff moved for summary judgment on the issue of liability and dismissing the affirmative defenses that alleged comparative negligence. The Supreme Court granted the motion, and the defendants appeal.
The plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that the defendant driver negligently entered the roadway from a driveway without yielding the right-of-way, and that such negligence was the sole proximate cause of the accident (see Vehicle and Traffic Law § 1143; Ricciardi v Nelson, 142 AD3d 492, 493; Marcel v Sanders, 123 AD3d 1097, 1098; Ferrara v Castro, 283 AD2d 392, 392-393). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the issue of liability and dismissing affirmative defenses that alleged comparative negligence.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court