Carias v Grove (2020 NY Slip Op 05029)





Carias v Grove


2020 NY Slip Op 05029


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-09619
 (Index No. 4953/15)

[*1]David Carias, appellant, 
v
John M. Grove, respondent.


Subin Associates, LLP (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Suzanne S. Swanson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated June 12, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when, while riding a bicycle, he came into contact with the rear driver's side of a motor vehicle that was operated by the defendant, as it was turning left into a car wash. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals. We reverse.
An operator of a motor vehicle traveling with the right-of-way has an obligation to keep a proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles (see Richardson v Cablevision Sys. Corp., 173 AD3d 1083, 1085; Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d 1130, 1131; Fried v Misser, 115 AD3d 910). Since there can be more than one proximate cause of an accident, a defendant moving for summary judgment is required to make a prima facie showing that he or she is free from fault (see Boulos v Lerner-Harrington, 124 AD3d 709; Fried v Misser, 115 AD3d at 911).
Here, when questioned at his deposition, the defendant admitted that in the short period leading up to the accident, he could not recall where he was looking. The defendant further admitted that he did not see the plaintiff prior to impact and only realized there was an accident when he heard the impact to the rear driver's side of his vehicle. Accordingly, the defendant failed to demonstrate, prima facie, that he kept a proper lookout and that his alleged negligence did not contribute to the happening of the accident (see Fried v Misser, 115 AD3d at 911).
Since the defendant failed to demonstrate his prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied his motion, regardless of the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
We decline the plaintiff's request that we search the record and award him summary judgment on the issue of liability.
MASTRO, J.P., ROMAN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court