Sage v Taylor (2021 NY Slip Op 04048)





Sage v Taylor


2021 NY Slip Op 04048


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2019-13972
 (Index No. 59922/18)

[*1]Lawrence Sage, etc., appellant,
v
Tara Taylor, respondent.


Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (Richard M. Steigman of counsel), for appellant.
Burke, Conway & Stiefeld, White Plains, NY (Jayne Monahan of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated December 2, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
At approximately 5:29 p.m. on November 27, 2017, the plaintiff's then eight-year-old son, while crossing at or near the intersection of Eiler Lane and Taxter Road in the Town of Greenburgh to retrieve a ball from a neighbor's yard, was struck by a vehicle operated by the defendant. In June 2018, the plaintiff, individually and on behalf of his son (hereinafter the child), commenced this action against the defendant. Issue was joined by service of a verified answer dated July 31, 2018. After discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see King v Perez, 160 AD3d 708). "A driver is bound to see what is there to be seen with the proper use of his [or her] senses" (Topalis v Zwolski, 76 AD3d 524, 525; see Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 790; Brandt v Zahner, 110 AD3d 752). "Since there can be more than one proximate cause of an accident, a defendant moving for summary judgment is required to make a prima facie showing that he or she is free from fault" (Carias v Grove, 186 AD3d 1484, 1484). The issue of proximate cause is generally a question for the trier of fact (see Jaber v Todd, 171 AD3d 896; Miron v Pappas, 161 AD3d 1063, 1064).
"On a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party" (Gobin v Delgado, 142 AD3d 1134, 1136). Here, the evidence submitted by the defendant in support of her motion, including a transcript of her own deposition testimony, failed to eliminate triable issues of fact as to whether she was free from fault in the happening of the accident and, if not free from fault, whether the child's purported negligence [*2]was the sole proximate cause of the accident (see Gaudio v City of New York, 189 AD3d 1546, 1548; Aponte v Vani, 155 AD3d 929, 930). The evidence the defendant submitted indicated that the front passenger side of her vehicle came into contact with the child who, approaching from the defendant's left, was more than halfway across the winding and curved roadway prior to impact (see Vehicle and Traffic Law §§ 1146[a], 1180[a], [e]; Searless v Karczewski, 153 AD3d 957, 959).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
DILLON, J.P., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court