Huai Qiang Ye v Yepes (2022 NY Slip Op 04955)

Huai Qiang Ye v Yepes

2022 NY Slip Op 04955

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2020-07267
 (Index No. 708581/19)

[*1]Huai Qiang Ye, plaintiff third-party defendant-respondent, 
v
Jose E. Yepes, defendant third-party plaintiff-appellant; Ning Ye, third-party defendant-respondent.

The Law Offices of Michael E. Garron, P.C., Plainview, NY (Seth D. Cohen of counsel), for defendant third-party plaintiff-appellant.
Jennifer S. Adams, Yonkers, NY (Brian J. McCall of counsel), for plaintiff third-party defendant-respondent and third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, and a third-party action for contribution, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered September 8, 2020. The order granted the motion of the plaintiff third-party defendant and the third-party defendant for summary judgment dismissing the third-party complaint.
ORDERED that the order is affirmed, with costs.
Huai Qiang Ye (hereinafter the plaintiff) allegedly sustained injuries when he was involved in an automobile accident in Queens. The plaintiff was a passenger in a vehicle owned by him and operated by the third-party defendant, Ning Ye, which was struck by a vehicle operated by the defendant third-party plaintiff, Jose E. Yepes. Yepes was making a left turn out of a driveway onto the roadway when his vehicle struck the plaintiff's vehicle. The plaintiff commenced this action against Yepes. Yepes commenced a third-party action against the plaintiff and Ning Ye (hereinafter together the Yes), seeking contribution. The plaintiff moved, inter alia, for summary judgment on the issue of liability, and the Yes moved for summary judgment dismissing the third-party complaint. In an order entered August 26, 2020, the Supreme Court granted the plaintiff's motion, among other things, for summary judgment on the issue of liability, finding that Yepes had violated the Vehicle and Traffic Law and was negligent as a matter of law. In an order entered September 8, 2020, the court granted the Yes' motion for summary judgment dismissing the third-party complaint. Yepes appeals from the order entered September 8, 2020.
While Yepes does not dispute that he was negligent as a matter of law by failing to yield the right of way as he was entering the roadway (see Vehicle and Traffic Law § 1143), there can be more than one proximate cause of an accident, and the Yes had the burden of establishing freedom from comparative fault as a matter of law (see Ballentine v Perrone, 179 AD3d 993, 994; Inesta v Florio, 159 AD3d 682, 682; Colpan v Allied Cent. Ambulette, Inc., 97 AD3d 776, 777; Pollack v Margolin, 84 AD3d 1341, 1342).
"A driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way" (Estate of Cook v Gomez, 138 AD3d 675, 677; see Desio v Cerebral Palsy Transport, Inc., 121 AD3d 1033, 1034). "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, it has been recognized that a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield cannot be comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d 762, 764 [internal citations omitted]; see Ricciardi v Nelson, 142 AD3d 492, 493; Levi v Benyaminova, 128 AD3d 779, 780; Bennett v Granata, 118 AD3d 652, 653).
Here, the Yes established their prima facie entitlement to judgment as a matter of law by demonstrating that Yepes negligently entered the roadway from a driveway without yielding the right-of-way, that the plaintiff's vehicle was not being operated in a negligent manner, and that there was insufficient time for the driver of the plaintiff's vehicle to avoid the collision (see Ricciardi v Nelson, 142 AD3d at 493; Levi v Benyaminova, 128 AD3d at 780; Bennett v Granata, 118 AD3d at 653). In opposition, Yepes failed to raise a triable issue of fact as to the Yes' comparative negligence (see Mazza v Manzella, 49 AD3d 609, 610).
Contrary to Yepes's contention, the Yes' motion for summary judgment dismissing the third-party complaint was not premature. Yepes failed to demonstrate that discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the Yes' control (see CPLR 3212[f]; Hewitt v Gordon-Fleetwood, 163 AD3d 536, 537; Figueroa v MTLR Corp., 157 AD3d 861, 863).
BARROS, J.P., BRATHWAITE NELSON, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court