Hassan v Brauns Express, Inc. (2022 NY Slip Op 05520)

Hassan v Brauns Express, Inc.

2022 NY Slip Op 05520

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2021-02968
 (Index No. 701622/20)

[*1]Mahabub Hassan, appellant, 
v
Brauns Express, Inc., et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
White & McSpedon, P.C., New York, NY (Irwen C. Abrams of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered April 9, 2021. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On August 8, 2018, at approximately noon, the plaintiff had his car washed at a car wash located on 51st Street, in Queens. When the car was finished, it was parked on a driveway accessing 51st Street. The plaintiff then got into his car and started it. The plaintiff, in preparation of making a right turn onto 51st Street, looked to the left, towards oncoming traffic. A parked car blocked his view. As a result, he inched his car forward into the roadway, so he could get a better view. A car that was driving along 51st Street then passed by the plaintiff's car. However, soon thereafter, the plaintiff's car was involved in a collision with the next vehicle that was driving along 51st Street. That vehicle was a truck owned by the defendant Brauns Express, Inc., and driven by the defendant Martin Faber (hereinafter the defendant driver).
The plaintiff subsequently commenced the instant personal injury action. In an order entered April 9, 2021, the Supreme Court, inter alia, granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals, and we reverse.
On their motion for summary judgment dismissing the complaint, the defendants submitted, among other things, an affidavit from the defendant driver, who gave his version of the events preceding the accident. The defendants' evidence established, prima facie, that the defendant driver had the right-of-way, that the plaintiff was at fault in the happening of the accident, and that the defendant driver was not at fault in the happening of the accident (see Vehicle and Traffic Law § 1143; Desio v Cerebral Palsy Transp., Inc., 121 AD3d 1033, 1035). In opposition, the plaintiff submitted, among other things, his own affidavit, in which he gave a completely different version of the events preceding the accident. The plaintiff's evidence raised a triable issue of fact as to [*2]whether the defendant driver, who was obligated to keep a proper lookout, see what was there to be seen through the reasonable use of his senses, and avoid colliding with other vehicles (see Nesbitt v Gallant, 149 AD3d 763, 763-764; Fried v Misser, 115 AD3d 910, 911), was indeed at fault in the happening of the accident. Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court