Mehta v Keaveney (2023 NY Slip Op 02307)

Mehta v Keaveney

2023 NY Slip Op 02307

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-01144
 (Index No. 614203/17)

[*1]Pragna Mehta, respondent, 
v
Doreen Keaveney, appellant.

Baxter Smith & Shapiro, P.C., Hicksville, NY (Margot L. Ludlam and Patrick Thompson of counsel), for appellant.
Cassisi & Cassisi, P.C. (Lynn Gartner Dunne, LLP, Mineola, NY [Kenneth L. Gartner], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated January 25, 2021. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she was struck by the defendant's vehicle while walking across Hillside Avenue in New Hyde Park. The defendant moved for summary judgment dismissing the complaint. In an order dated January 25, 2021, the Supreme Court denied the defendant's motion. The defendant appeals.
A "defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see McPhaul-Guerrier v Leppla, 201 AD3d 920, 921). "A driver is negligent where he or she failed to see that which, through proper use of his or her senses, the driver should have seen" (Shuofang Yang v Sanacore, 202 AD3d 1120, 1122; see Sage v Taylor, 195 AD3d 971, 972). There can be more than one proximate cause of an accident (see Cox v Nunez, 23 AD3d 427, 427), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974).
In this case, the evidence submitted in support of the defendant's motion, when viewed in the light most favorable to the plaintiff (see Boulos v Lerner-Harrington, 124 AD3d 709), failed to demonstrate, prima facie, that the defendant was free from fault in the happening of the accident. The defendant's submissions did not eliminate triable issues of fact as to whether she was negligent in failing to see that which through the proper use of her senses she should have seen and whether she used reasonable care to avoid colliding with the plaintiff (see Fried v Misser, 115 AD3d 910, 911; Espiritu v Shuttle Express Coach, Inc., 115 AD3d 787, 789).
Since the defendant failed to establish her prima facie entitlement to judgment as a matter of law dismissing the complaint, we need not address the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court