Hand v Ridge Volunteer Fire Dept., Inc. (2023 NY Slip Op 02649)

Hand v Ridge Volunteer Fire Dept., Inc.

2023 NY Slip Op 02649

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-07700
 (Index No. 607264/17)

[*1]Kathleen Hand, appellant,
v
Ridge Volunteer Fire Department, Inc., et al., respondents.

John Ray, Miller Place, NY, for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (George J. Wilson of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (George M. Nolan, J.), dated August 31, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In April 2017, the plaintiff commenced this action to recover damages for personal injuries she alleged she sustained in a motor vehicle collision with a vehicle operated by the defendant Cassandra Hauff (hereinafter the defendant driver). The defendants moved for summary judgment dismissing the complaint. In an order dated August 31, 2020, the Supreme Court granted the motion. The plaintiff appeals.
Vehicle and Traffic Law § 1143 provides that "the driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed" (id.; see Desio v Cerebral Palsy Transp., Inc., 121 AD3d 1033, 1034). "A driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way" (Estate of Cook v Gomez, 138 AD3d 675, 677; see Huai Qiang Ye v Yepes, 208 AD3d 646, 647). "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, it has been recognized that a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield [cannot] be comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d 762, 764 [internal citations omitted]; see Ricciardi v Nelson, 142 AD3d 492, 493).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff negligently entered the roadway from a driveway without yielding the right-of-way, that the defendant driver was not operating her vehicle in a negligent manner, and that there was insufficient time for the defendant driver to avoid the collision (see Huai Qiang Ye v Yepes, 208 AD3d at 647; Kenda v Dunn, 117 AD3d 803). In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determination, it is not necessary to address the parties' remaining contentions.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court