St. Colin v Perry (2024 NY Slip Op 05124)

St. Colin v Perry

2024 NY Slip Op 05124

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2023-07948
 (Index No. 719546/20)

[*1]Ashley St. Fort Colin, plaintiff-respondent, et al., plaintiff, 
v
Winston Perry, appellant, Vesta Alexandre, defendant-respondent.

Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for appellant.
Eric Fendt, Uniondale, NY (Diane C. Cooper of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Winston Perry appeals from an order of the Supreme County, Queens County (Lourdes M. Ventura, J.), entered June 2, 2023. The order granted the motion of the defendant Vesta Alexandre for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant Vesta Alexandre which was for summary judgment dismissing the complaint insofar as asserted against her is dismissed, as the defendant Winston Perry is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and that branch of the motion of the defendant Vesta Alexandre which was for summary judgment dismissing all cross-claims insofar as asserted against her is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendant Winston Perry, payable by the defendant Vesta Alexandre.
On October 16, 2019, a vehicle operated by the defendant Winston Perry collided with a vehicle operated by the defendant Vesta Alexandre at the intersection of 231st Street and Linden Boulevard in Queens. Perry was traveling in a southerly direction on 231st Street, which was governed by a stop sign at its intersection with Linden Boulevard. Alexandre was traveling in an easterly direction on Linden Boulevard, which was not governed by a stop sign at its intersection with 231st Street. Alexandre is the mother of the plaintiffs, Ashley St. Fort Colin and Robert St. Fort Colin, who were passengers in Alexandre's vehicle at the time of the accident. In October 2020, the plaintiffs commenced this action against the defendants. Alexandre and Perry interposed separate answers wherein they asserted cross-claims against each other for indemnification and/or contribution. In an order entered June 2, 2023, the Supreme Court granted Alexandre's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her. Perry appeals.
"'There can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause'" (Saviano v TT of Massapequa, Inc., 223 AD3d 851, 852, quoting Richardson v Cablevision Sys. Corp., 173 AD3d 1083, 1084 [citations and internal quotation marks omitted]). "Therefore, '[a] defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (id., quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709).
"Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard" (Cruz v DiSalvo, 188 AD3d 986, 987; see Israel v Nichols, 226 AD3d 756). "'While the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, the driver with the right-of-way also has an obligation to keep proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles'" (Richardson v Cablevision Sys. Corp., 173 AD3d at 1085, quoting Miron v Pappas, 161 AD3d 1063, 1064).
Here, viewing the evidence in the light most favorable to Perry as the nonmoving party (see Sage v Taylor, 195 AD3d 971), Alexandre's submissions, which included transcripts of the deposition testimony of Alexandre and Perry, provided conflicting evidence as to the facts surrounding the accident and failed to establish, prima facie, that Alexandre was not at fault in the happening of the accident (see Saviano v TT of Massapequa, Inc., 223 AD3d at 853; Richardson v Cablevision Sys. Corp., 173 AD3d at 1085). Alexandre testified that the accident occurred when Perry proceeded past the stop sign into the intersection and struck her vehicle. In contrast, Perry testified that the accident occurred when he was stopped before entering the intersection, with only the front bumper of his car past the pedestrian crosswalk, and Alexandre's car swerved and struck his vehicle. Moreover, Alexandre acknowledged that her view of the intersection was not obstructed and that she did not observe Perry's vehicle prior to the collision. Thus, Alexandre failed to eliminate triable issues of fact as to whether she failed to take reasonable care to avoid the collision and whether she was free from fault in the happening of the accident (see Tornabene v Seickel, 186 AD3d 645, 647; M.M.T. v Relyea, 177 AD3d 1013, 1014). Accordingly, the Supreme Court should have denied that branch of Alexandre's motion which was for summary judgment dismissing all cross-claims insofar as asserted against her, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court