Woodham v New York City Transp. Auth. (2024 NY Slip Op 05239)

Woodham v New York City Transp. Auth.

2024 NY Slip Op 05239

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-07375
 (Index No. 517444/18)

[*1]Felicia Woodham, plaintiff, 
v
New York City Transportation Authority, et al., respondents, Luxor Limo, Inc., et al., appellants.

Peknic, Peknic & Schaefer, LLC, Long Beach, NY (Catherine Papandrew of counsel), for appellants.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Luxor Limo, Inc., and Noel Roy Tomlinson appeal from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated April 27, 2022. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Luxor Limo, Inc., and Noel Roy Tomlinson for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them is granted.
The plaintiff allegedly was injured while riding as a passenger in a bus owned by the defendant New York City Transportation Authority (hereinafter the NYCTA) and operated by the defendant Jonathan C. Baldwin. As the bus was pulling out of a bus stop and into the moving lane of the roadway, the bus came into contact with a vehicle owned by the defendant Luxor Limo, Inc. (hereinafter Luxor Limo), and operated by the defendant Noel Roy Tomlinson. The plaintiff commenced this action against NYCTA, Baldwin, the defendant Metropolitan Transportation Authority, and the defendant MTA Bus Company (hereinafter collectively the MTA defendants), as well as Luxor Limo and Tomlinson (hereinafter together the Luxor defendants), to recover damages for personal injuries. The Luxor defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. The MTA defendants opposed the motion. In an order dated April 27, 2022, the Supreme Court denied the motion. The Luxor defendants appeal.
"Vehicle and Traffic Law § 1143 provides that the driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed" (Hand v Ridge Volunteer Fire Dept., Inc., 216 AD3d 923, 924 [internal quotation marks omitted]; see Estate of Cook v Gomez, 138 AD3d 675, 677). "Vehicle and Traffic Law § 1162 requires that no person shall move a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety" (Adobea v Junel, 114 AD3d 818, 819 [internal quotation marks and alterations omitted]). "A driver [*2]who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way" (Hand v Ridge Volunteer Fire Dept., Inc., 216 AD3d at 924 [internal quotation marks omitted). "Although a driver with the right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid a collision" (Smith v Trail, 221 AD3d 928, 929 [internal quotation marks omitted]; see Hand v Ridge Volunteer Fire Dept., Inc., 216 AD3d at 924).
Here, the Luxor defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against them. The Luxor defendants demonstrated, prima facie, through clear video evidence recorded by the Luxor Limo vehicle's dashboard camera, that the bus, which had been stopped at a bus stop, negligently entered the moving lane of the roadway without yielding the right of way to the Luxor Limo vehicle, which was operating in that lane. The Luxor defendants' evidence further established, prima facie, that such negligence was the sole proximate cause of the accident, as Tomlinson was not operating the Luxor Limo vehicle negligently, and there was no opportunity for him to avoid the bus colliding with the rear passenger side of the vehicle he was driving (see Hand v Ridge Volunteer Fire Dept., Inc., 216 AD3d at 924; Adobea v Junel, 114 AD3d 818, 820). In opposition, the MTA defendants failed to raise a triable issue of fact as to whether Tomlinson bore some fault for the happening of the accident (see Alston v Irizarry, 195 AD3d 578, 579).
Furthermore, the MTA defendants failed to demonstrate that the summary judgment motion was premature. "While a party is entitled to a reasonable opportunity to conduct discovery in advance of a summary judgment determination, a party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Mahmud v Feng Ouyang, 208 AD3d 861, 862 [internal quotation marks and alterations omitted]; see Skura v Wojtlowski, 165 AD3d 1196, 1200). Here, the fact that discovery was not complete did not warrant denial of the motion, particularly in light of the video evidence and Baldwin's personal knowledge of the facts (see Mahmud v Feng Ouyang, 208 AD3d at 862; Branach v Belvedere VIII, LLC, 189 AD3d 1532, 1532).
Accordingly, the Supreme Court should have granted the Luxor defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
IANNACCI, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court