*Rubin v. United States of America*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand twenty-five.

PRESENT: JOHN M. WALKER, JR.,
SUSAN L. CARNEY,
WILLIAM J. NARDINI,
*Circuit Judges*.

------------------------------------------------------------------------

Louis Rubin,

*Plaintiff-Appellant*,

v.                                                                        No. 24-2871

United States of America,

*Defendant-Appellee.*\*

------------------------------------------------------------------------

APPEARING FOR APPELLANT:         JONATHAN ROSENBERG, Rosenberg Law Firm, Brooklyn, NY.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), the Clerk of Court is respectfully directed to amend the caption as reflected above.

APPEARING FOR APPELLEE: DAVID COOPER (Varuni Nelson, Rachel G. Balaban, *on the brief*), Assistant United States Attorneys, *for* Joseph Nocella, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED**.

Plaintiff-Appellant Louis Rubin appeals from a September 30, 2024 judgment of the District Court for the Eastern District of New York (DeArcy Hall, *J.*) granting summary judgment for Defendant-Appellee the United States, and dismissing Rubin's negligence claims. Rubin sued under the Federal Tort Claims Act ("FTCA") for injuries resulting from a collision between his electric scooter and a car owned by the United States and driven by its employee, John Valdes. 28 U.S.C. §§ 1346, 2671 *et seq.* The collision occurred at the intersection of Avenue K and East 36th Street in Brooklyn, New York. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

Rubin claims that the district court erred in granting summary judgment, arguing that: (1) traveling east on Avenue K, he had the right-of-way; (2) Valdes, traveling west

on Avenue K, was negligent as a matter of law in turning left in front of the eastbound traffic on Avenue K, which included Rubin on his scooter; (3) even if Valdes was not negligent as a matter of law, Valdes had a duty of reasonable care to watch for scooters before turning left, and he violated that duty; (4) Valdes's breach of duty was the sole proximate cause of the accident; and (5) at least, Valdes was comparatively negligent.

* * *

The core facts, which are captured in a video of the traffic accident, may be summarized as follows. In the relevant portion of Avenue K, there is a single lane of traffic in each direction. When Valdes, driving in the westbound lane of Avenue K, reached the East 36th Street intersection, which had no traffic lights or stop signs, he paused before starting his left turn. The eastbound vehicle traffic on Avenue K had stopped. As Valdes was making his turn, Rubin was scootering east on Avenue K. Rubin was traveling in the narrow space between the vehicle traffic and parked cars, below the speed limit for electric scooters but faster than the rest of the eastbound traffic. As Rubin traveled along Avenue K and approached the East 36th Street intersection, he passed between three stopped vehicles to his left in the traffic lane and several vehicles parked to the right. Rubin's and Valdes's views of each other were obstructed by one of the three stopped vehicles in the eastbound traffic lane: a large white van that was stopped just before the intersection, behind a white SUV. The white SUV cleared the intersection, but

3

the white van waited, apparently either for the upcoming traffic light a block ahead to change or to allow Valdes to turn.

At the intersection, Valdes, still in the westbound traffic lane, stopped for three to four seconds before turning. As Valdes's vehicle entered the intersection and turned across the eastbound traffic lane, in front of the white van, Rubin was approximately two car-lengths away from the intersection. Seeing the white SUV in front of the white van pass through the intersection ahead of him, and unable to see Valdes turning in front of the stopped white van, Rubin continued at speed, scootering towards and into the intersection to the right of the white van.

Just before the collision, Valdes's vehicle was fully perpendicular to Avenue K, heading south onto the cross-street, but still in the intersection. Before Valdes's car cleared the intersection, Rubin's scooter struck the back of Valdes's car next to the car's right rear wheel. After the impact, Rubin fell forward from his scooter onto the pavement in the intersection, beyond the rear of Valdes's car.

On January 24, 2022, after exhausting his administrative remedies, Rubin filed this action. Then, following discovery, the United States moved for summary judgment. The district court granted the motion, finding "no genuine dispute as to any material fact" and concluding that Valdes had the right-of-way at the time of the collision, and that Rubin's failure to yield to Valdes was the sole proximate cause of the accident. Fed. R.

4

Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In the district court's view, the evidence would not have permitted a reasonable factfinder to return a verdict in Rubin's favor. We disagree.

**I.      Standard of Review**

We review the district court's grant of summary judgment *de novo*. *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021). When reviewing a grant of summary judgment, this court "constru[es] the evidence in the light most favorable to the party against whom summary judgment was granted and draw[s] all reasonable inferences in that party's favor." *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021). "If reasonable minds could differ as to the import of the evidence" and "if there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 (2d Cir. 1997) (quotation marks and alterations omitted).

**II.      Discussion**

Through the FTCA, Congress provides a "limited waiver by the United States of its sovereign immunity and allows for a tort suit against the United States under specified circumstances." *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007) (quotation marks omitted). "[T]he FTCA's liability rule incorporates state law." *Martin v. United States*, 605 U.S. 395, 410 (2025). "[A]n action under the FTCA exists only if the States in which the

alleged misconduct occurred would permit a cause of action for that misconduct to go forward." *Carlson v. Green*, 446 U.S. 14, 15 (1980). Because the accident occurred in Brooklyn, Rubin's negligence claim is governed by New York tort law. The New York Vehicle and Traffic Law ("VTL") defines the duties of motorists in New York, and "a violation of the VTL constitutes negligence as a matter of law." *Dooley v. United States*, 83 F.4th 156, 163 (2d Cir. 2023).

Upon careful review of the record and the district court's summary judgment opinion and order, we conclude that the corpus of facts does not lend itself to an award of summary judgment against Rubin. At least two genuine disputes of material fact require this case to proceed to a bench trial.

First, a genuine dispute exists as to who had the right-of-way at the moment of collision. In finding that Valdes was not negligent, the district court reasoned that a vehicle that is already "fully in the intersection" and has nearly completed its turn has the right-of-way under New York case law. *Rubin v. United States*, No. 22-CV-393, 2024 WL 4350715, at *2–*3 (E.D.N.Y. Sept. 30, 2024). On appeal, Rubin argued for the first time that VTL § 1141 is the critical law governing who has right-of-way in cases concerning a left-hand turn.[1] Under VTL § 1141, a driver "intending to turn left" through an

---

[1] While Rubin did not specifically reference § 1141 in his opposition to summary judgment, his arguments regarding § 1141 are not waived because he made related arguments regarding the propriety and safety of Valdes's turn and referenced other

intersection must "yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard." N.Y. Veh. & Traf. Law § 1141. Put another way, a driver has a duty to avoid a collision, if possible, even if the driver has the right-of-way. A reasonable factfinder could find that Rubin was "so close as to constitute an immediate hazard" when Valdes initiated his left turn, and that Rubin thus had the right-of-way.

Second, even if Valdes did have the right-of-way, a reasonable factfinder could find him liable for comparative negligence in failing to avoid a possible collision. *See Carias v. Grove*, 186 A.D.3d 1484, 1484 (N.Y. App. Div. 2020) ("Since there can be more than one proximate cause of an accident, a defendant moving for summary judgment is required to make a prima facie showing that he or she is free from fault."). Drivers with the right-of-way still have "an obligation to keep a proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles," as well as bicycles and electric scooters. *Id.; see also* N.Y. Veh. & Traf. Law § 1146; *id.* § 1281(1) (providing that persons riding electric scooters are "granted all of the rights and subject to all of the duties applicable to the driver of a vehicle and the rider of

provisions of the VTL in his opposition to the motion for summary judgment. *See Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 220 (2d Cir. 2006) ("[A]ppeals courts may entertain additional support that a party provides for a proposition presented below.").

a bicycle").[2] According to the district court, Valdes did not have time to avoid the collision, and so did not breach his duty to keep a proper lookout. We are not persuaded. It is undisputed that Valdes's view was obstructed by the white van when he initiated his turn, and that he was thus unable to see the most right-hand portion of Avenue K's eastbound traffic lane, where electric scooters and bicycles are required to travel. *See* N.Y. Veh. & Traf. Law §§ 1234(a), 1284(1). A reasonable factfinder could find that, by failing to proceed slowly through the intersection until he could see around the white van and check for bicyclists and scooters, Valdes failed to keep a "proper lookout." There is thus a genuine dispute of material fact as to whether Valdes was comparatively at fault for the collision.

We believe that a summary judgment ruling based on the record before us, therefore, is not appropriate. A factfinder must "weigh evidence" in the first instance and determine under the circumstances both who had the right-of-way at the time of the collision and whether the person with the right-of-way breached a duty to avoid the collision if reasonably possible. *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996).[3] Thus, there could be a finding in favor of either party or neither such that

---

[2] Rubin would be bound by the same duty if he had the right-of-way, and could thus be liable for comparative negligence if he failed to "keep a proper lookout" while proceeding through the intersection. *Carias*, 186 A.D.3d at 1484.

[3] The factfinder in this FTCA action will be a district court judge and not a jury. *See* 28 U.S.C. § 2402 ("[A]ny action against the United States under [the FTCA] shall be tried

8

both could have proximately caused the collision.  Accordingly, we vacate the grant of summary judgment and remand the case for trial.

      \*      \*      \*

For the foregoing reasons, the judgment of the district court is VACATED and the case is REMANDED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

by the court without a jury"); *see also* 32 C.F.R. § 750.32(b).